UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD VICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4014** |
| **CASEY MCVEA** | **SECTION "A"(4)** |

### ORDER AND REASONS

The plaintiff, Donald Vicks, has filed a **Motion for Appointment of Counsel (Rec. Doc. No. 14)** in which he suggests that the liability in his case is so clear that any competent attorney could obtain a judgment in his favor. However, he also asserts that he is intellectually impaired which would prevent him from adequately investigating and presenting his case without assistance of counsel. In his response to the Court's prior order, Vicks contends that he has been unable to obtain assistance from inmate counsel at the prison.[1]

Vicks, a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center, filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Casey McVea and Nurse Leslie Temples alleging that he erroneously was given a medication that was not prescribed to him and he continues to suffer adverse effects.

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in

---

[1] Rec. Doc. No. 15, 16.

the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). The plaintiff's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel.

After considering Vicks's complaint and his *Spears* Hearing testimony, the Court does not find that the issues are complex or that Vicks is unable to adequately convey the facts of his case without assistance of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). To the contrary, although he may not be trained in the law, Vicks has demonstrated the ability to express his factual and legal arguments and to understand the issues involved in his case. There is nothing in the record to indicate appointment of counsel is necessary. Accordingly,

**IT IS ORDERED** that Donald Vicks's **Motion for Appointment of Counsel (Rec. Doc. No. 14)** is **DENIED**.

New Orleans, Louisiana, this  28th day of January, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2