**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD VICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4014** |
| **CASEY MCVEA** | **SECTION "I"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Amend (Rec. Doc. No. 18)** filed by the pro se plaintiff, Donald Vicks.  The plaintiff seeks to amend his 42 U.S.C. § 1983 complaint to include a request for injunctive relief against Sergeant Shan, Deputy Mandy D. McGhee, and "other officers" at the B.B. "Sixty" Rayburn Correctional Center who are not parties to this suit.

Vicks claims that on March 6, 2016, Deputy Mandy D. McGhee removed his shower chair from him, and she refused to give it back because there were too many chairs on the tier.  On March 12, 2016, "Deputy Shan and another officer" removed his orthopedic mattress from his bunk and this was caught on the security cameras.  Finally, he claims that, on March 7, 2016, he declared an emergency sick call because he had the flu.  Dr. Casey McVea, who is a defendant in the instant case, examined him and assigned him a duty status of seven days of bed rest.  However, he claims that when he made a second complaint that day about his flu symptoms, "the medical department" refused to give him additional medicine for his flu.

Vicks asserts that each of the actions by these prison officials was done in retaliation for his filing of a lawsuit.  He claims that this violated his rights as a person in custody who is under the care and protection of prison personnel.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires."  *Id*.  This and other federal rules "reject the approach that pleading is a game of skill in which one misstep

by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) and (d) evince a liberal policy and a motion to amend or supplement should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend or supplement is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion to amend or supplement lies within the sound discretion of the trial court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave should be denied when doing so is required for fairness to the party opposing the motion. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In the proposed amendment, Vicks has identified two prison officials, who are not party to this suit, and asserts claims that have nothing to do with the claims raised in his current complaint. His only § 1983 claim in the complaint is that a nurse accidently gave him the wrong medication from which he had physical repercussions. Nothing in his proposed request for relief against the two prison officials has anything to do with that isolated incident in his original complaint against other defendants and which occurred in early 2015.

Furthermore, considering the conclusory and less than clear basis for his claims against the two identified prison officials, the Court finds that the amendment is not justified. Vicks has failed to state a non-frivolous claim making his proposed amendment futile. Although he suggests that

2

the officials' acts were retaliatory, his assertions are conclusory and insufficient to state such a claim.  To state a claim of retaliation for exercising a First Amendment right, including access to the courts, a plaintiff must allege facts showing that a prison official possessed a retaliatory motive, and more than just a personal belief of that, and that the retaliatory act caused an actual injury, such as the inability to pursue a right in court.  *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  Mere conclusory allegations of retaliation are not enough.  *See Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006)); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988); *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988).  Vicks proposed claims against the prison officials fall far short of alleging a claim for retaliation to support granting leave to amend.

Also, to include these unrelated and specious claims into the current litigation would serve no purpose other to convolute the issues and cause the current defendants to be burdened with addressing unrelated claims.  Thus, pursuant to the foregoing standards, Vicks request for leave to add the additional claims for injunctive relief against the identified prison officials must be denied.  Accordingly,

**IT IS ORDERED** that Vick's **Motion to Amend (Rec. Doc. No. 18)** is **DENIED**.

New Orleans, Louisiana this  6th  day of September, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3